IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHNNY MCFADDEN,<br>        Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC., ET AL.,<br>        Defendants. | CIVIL ACTION<br><br><br><br><br>NO.  20-1715 |

## MEMORANDUM OPINION

Plaintiff Johnny McFadden moves to remand the instant action to state court on the basis that Defendant "CVS Store #2866 and CVS Pharmacy Inc.'s" ("CVS")[1] removal to federal court was untimely under 28 U.S.C. § 1446.  For the reasons that follow, Plaintiff's motion will be denied.

**I.   BACKGROUND**

On January 16, 2020, McFadden filed a complaint against CVS in state court, alleging that he was injured at a CVS pharmacy on 10th & Market, in Philadelphia, Pennsylvania.  Five days later, McFadden, through a process server, unsuccessfully attempted to serve his complaint

---

[1] CVS notes in its Notice of Removal (and reiterates in its Opposition to Plaintiff's Motion to Remand) that it has been improperly named as "CVS Pharmacy, Inc. and CVS Store #2866" and that the proper defendant is "Pennsylvania CVS Pharmacy, LLC," a limited liability company organized under the law's of Pennsylvania, whose sole member is CVS Pharmacy, Inc., a citizen of Rhode Island.  CVS has appended a notarized affidavit to this effect to its Opposition.  McFadden does not address this nomenclature issue in his Motion to Remand.

Looking to the Complaint and the Notice of Removal, both parties provide the same address—1046 Market Street, Philadelphia, Pennsylvania—as the address for "CVS Pharmacy, Inc. and CVS Store #2866" and "Pennsylvania CVS Pharmacy, LLC."  It thus appears that, despite the differences in nomenclature, the parties are, in actuality, referring to the same entity.  In light of this, as well as McFadden's non-opposition to Defendant's characterization, and the information contained in Defendant's affidavit, the Court concludes that "Pennsylvania CVS Pharmacy, LLC" is the proper defendant in this matter.  *See Brooks v. Harley-Davidson Motor Co.*, 2009 WL 2707558, at *1 n.5 (E.D. Pa. Aug. 24, 2009) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 98 (1921) ("Consideration of affidavits is permissible in deciding a motion to remand."); *see also Viola v. Provident Life & Acc. Ins. Co.*, 2000 WL 1022894, at *3 (E.D. Pa. July 17, 2000) (on motion to remand, crediting defendant's assertion that it was a citizen of Tennessee rather than Pennsylvania, where defendant provided an affidavit to this effect and plaintiff did not support its representation to the contrary or counter defendant's affidavit).  The Court will refer to "Pennsylvania CVS Pharmacy, LLC" as CVS and will refer to any other CVS entities by their complete name.

at the 10th and Market location.  The return of service completed by the process server indicated "NO SERVICE ACCEPTED AT THIS LOCATION.  MUST TO CVS HEADQUARTERS IN RI."  The return of service did not indicate, however, who the process server had tried to serve at the 10th and Market location, or who had told him CVS only accepted service in Rhode Island.

The next day, January 22, McFadden attempted to serve CVS in Rhode Island by both regular mail and certified mail.  The tracking receipt for the certified mail indicates that the complaint was delivered in Woonsocket, Rhode Island on March 16, 2020; likewise, the complaint's cover letter bears a stamp reading "RECEIVED MAR 16 2020 RISK MANAGEMENT."[2]  It is unclear when or whether the complaint sent by regular mail reached CVS, though McFadden contends this mail "must have been received within a few days, before the end of January."

On April 7, CVS removed the instant action to federal court, and McFadden now moves to remand to state court.

## II.  LEGAL STANDARD

A defendant may remove a case filed in state court to federal court provided the action could have initially been filed in federal court.  *See* 28 U.S.C. § 1441.  "[T]he burden of establishing removal jurisdiction rests with the defendant," *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 359 (3d Cir. 1995), and, "removal statutes are to be strictly construed against removal[, with] all doubts should be resolved in favor of remand," *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).  Where, however "a federal court has jurisdiction, it also has

---

[2] It is unclear why the complaint took over a month to arrive.  CVS explains that "(for unknown reasons) Plaintiff's mail was delayed in reaching its intended destination because it was rerouted to Atlanta, Georgia before being sent to Rhode Island."  Indeed, while the entire tracking history is not visible, according to the tracking receipt appended to CVS's Opposition, McFadden's mail was routed through Atlanta.

a virtually unflagging obligation to exercise that authority." *Mata v. Lynch*, 576 U.S. 143, 150 (2015) (internal quotations and alterations omitted).

## III.   DISCUSSION[3]

McFadden argues CVS's removal of the instant case was untimely and therefore ineffective, while CVS counters that removal cannot have been untimely, because it was never properly served.

A party sued in state court may remove a case to federal court "within *30 days* after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b) (emphasis added). With respect to how a defendant is to "recei[ve]" "initial pleading[s]," Federal Rule of Civil Procedure 4(h) provides for service upon corporations "pursuant to the law of the state in which the district court is located, or by delivering a copy of the summons and complaint to an officer or agent authorized by appointment or law to receive service of process." *McKinnis v. Hartford Life*, 217 F.R.D. 359, 361 (E.D. Pa. 2003). As for the Pennsylvania Rules of Civil Procedure, they allow for service to in-state defendants either "by handing a copy to the defendant," or "at any office or usual place of business of the defendant[,] to his agent or to the

---

[3] Here, federal jurisdiction is based on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a). McFadden is a citizen of Pennsylvania. And, because the sole member of Pennsylvania CVS Pharmacy is CVS Pharmacy Inc., a citizen of Rhode Island, Pennsylvania CVS Pharmacy is also a citizen of Rhode Island. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) (holding "that the citizenship of an LLC is determined by the citizenship of each of its members"). As to the amount in controversy: though McFadden's complaint notes that damages "exceed $50,000," (rather than the $75,000 required under Section 1332(a)) the Third Circuit has held that "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (finding that $50,000 amount in controversy requirement was satisfied where plaintiff alleged two claims, each with damages exceeding $20,000); *see also Mastrocola v. Harrah's Casino Hotel*, 1997 WL 256061, at *1 (E.D. Pa. May 9, 1997) (in case where plaintiff claimed damages in excess of $50,000, finding that "[g]iven [Plaintiff's] averments to 'severe neck pain,' spinal injuries, and numerous other injuries and impediments known and unknown, it is reasonable that the actual amount in controversy exceeds $75,000, as a reasonable jury could value Plaintiff's loss at over $75,000"). As in *Mastrocola*, the Court finds that, given McFadden's allegations of "severe back and neck injuries in addition to permanent nerve damage," the amount in controversy reasonably exceeds $75,000.

person for the time being in charge thereof." Pa.R.C.P. 402.  In cases involving an out-of-state defendant, the rules also allow for service in the manner prescribed by Rule 402, as well as for service "by any form of mail requiring a receipt signed by the defendant or his authorized agent." Pa.R.C.P. 403, 404.  Such "[s]ervice is complete upon delivery of the mail." Pa.R.C.P. 403.

When serving an out-of-state defendant by mail, a plaintiff "must . . . show that service was made upon a proper agent of the corporation." *McKinnis*, 217 F.R.D. at 361.  Where no such proof is provided, service is not considered proper. *See id.* (finding service improper where "[n]either Plaintiff nor Defendant has provided any documentation that . . . the individual who signed for the complaint, is or is not a proper agent of Defendant" and collecting cases to this effect).  The burden of proving proper service rests with the party asserting the validity of such service.  *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).

Whether a defendant has been properly served is relevant in the removal context because "[t]he removal clock does not start running . . . until the defendant is properly served or waives service." *Hutton v. KDM Transp., Inc.*, 2014 WL 3353237, at *2 (E.D. Pa. July 9, 2014) (internal quotations and citations omitted).  "Actual or constructive notice of the action" does not constitute proper service; rather, a defendant must be served in accordance with the applicable rules of civil procedure.  *See id.*; *see also Twp. of Lycoming v. Shannon*, 780 A.2d 835, 838 (Pa. Commw. 2001) ("It is well established that the rules governing the service of process set forth in the Pennsylvania Rules of Civil procedure must be strictly followed.  Moreover, the validity of the service is not presumed; the return of service itself must demonstrate that the service was made in conformity with the Pennsylvania Rules of Civil Procedure." (internal citations omitted)).

Though a plaintiff's failure to properly serve a defendant prevents that plaintiff from objecting to a defendant's removal as untimely, a defendant's ability to remove an action does not depend upon having been properly served. Rather, provided a complaint has been filed,[4] "a defendant need not await service of process to remove the action." *Rehmeyer v. Peake Plastics Corp.*, 2016 WL 7375027, at *3 (E.D. Pa. Dec. 20, 2016) (emphasis added); *see also Valido-Shade v. Wyeth, LLC*, 875 F. Supp.2d 474, 477 (E.D. Pa. 2012) (endorsing pre-service removal on the basis that "there is simply no statutory requirement that the removing defendant must first have been served with the complaint").[5] The federal removal statute "allows a defendant to learn of the initial pleading setting forth the claim through service *or otherwise*," *Rehmeyer*, 2016 WL 7375027, at *3 (emphasis added) (quoting 28 U.S.C. § 1446(b)), and by removing an action before being served, a defendant effectively waives service of process while acknowledging receipt of the initial pleadings, making removal proper, *see Valido-Shade*, 875 F. Supp.2d at 477. Such contemporaneous removal is also inherently timely, in that there is no delay between the waiver of service and the removal.

Here, McFadden argues that removal was improper because CVS did not remove until April 7, 2020—more than 30 days after the process server attempted service at the 10th and Market location. CVS counters that "CVS could not be late" because it "was never properly

---

[4] Because a writ of summons is not an "initial pleading," an action cannot be removed prior to the filing of a complaint. *See Gervel v. L & J Talent*, 805 F. Supp. 308 (E.D. Pa. 1992).

[5] In further justifying this rule, the court in *Valido-Shade* explained that:

> [w]e do not consider this result either bizarre or absurd. Waiver of service of process is encouraged. Under Rule 4(d) of the Federal Rules of Civil Procedure, a defendant "has a duty to avoid unnecessary expenses of serving the summons" by waiving service when requested by plaintiff. Fed.R.Civ.P. 4(d). This is consistent with Rule 1 which states that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.

*Valido-Shade*, 875 F. Supp.2d at 477.

served."  Specifically, CVS contends that service at the 10th and Market location was improper because "[t]here is no evidence that Plaintiff's process server handed a copy of the Complaint to anyone at the CVS store let alone an individuals who meets the specific requirements of the Rules."  CVS likewise contends that McFadden's attempt at service by mail was improper because "Plaintiff has never identified whom he allegedly served via registered mail" and because Plaintiff "provides no evidence in support of his claim" that the letter sent through regular mail ever reached CVS's headquarters.  Perhaps anticipating this argument, McFadden argues not so much that service was proper, but that, regardless of whether CVS had been served, it was on notice of his lawsuit through his January 21 service attempt as well as his mailings.

Indeed, none of McFadden's attempts at service constituted proper service of process, under either the service rule for in-state or out-of-state defendants.  Assuming without deciding that process could properly be served upon CVS at the 10th and Market location (rather than exclusively in Rhode Island), it is uncontested that no service was effectuated at that location; the return of process acknowledges as much.  That CVS may have been on notice of the lawsuit as a result of McFadden's attempted service is immaterial to the timeliness-of-removal issue, as "[t]he removal clock does not start running . . . until the defendant is *properly* served or waives service," *Hutton*, 2014 WL 3353237, and a process server's conversation with an unidentified individual at a CVS store does not constitute proper service under Rule 402, *see Sharp v. Valley Forge Medical Center & Heart Hospital, Inc.*, 422 Pa. 124, 127 (1966) (explaining that service of process rules must be "strictly followed).

Turning to McFadden's attempts to serve CVS as an out-of-state defendant by mail: McFadden's mailing of the complaint by regular mail to CVS Pharmacy Inc.'s Rhode Island

6

headquarters plainly fails to satisfy Rules 403 and 404, which require service by a form of mail "requiring a receipt signed by the defendant or his authorized agent." McFadden's mailing by certified mail likewise fails to satisfy the rules. Though that mailing included a tracking number, and, according to McFadden, required a signature, there is no evidence in the record as to who, if anyone, signed for the complaint, much less as to whether that person was an authorized agent of CVS. *See McKinnis*, 217 F.R.D. at 361; *see also Resh v. Brosnac*, 2012 WL 1114583, at *3 (E.D.Pa. Mar.30, 2012) (finding service improper under Rule 403 where there was no confirmation that the name on the return receipt was defendant's authorized agent). That these attempts at service may have notified CVS of the instant action is immaterial for the same reasons discussed with respect to McFadden's attempt at in-person service. *See Hutton*, 2014 WL 3353237; *Sharp*, 422 Pa. at 127.

## IV.   CONCLUSION

Because McFadden has failed to meet his burden of proving service was proper, and because CVS's removal of this action prior to service was both proper and timely, McFadden's Motion to Remand will be denied.

An appropriate order follows.

**July 21, 2020**                                                                **BY THE COURT:**

                                                                                          **/s/Wendy Beetlestone,**

                                                                                          _____
                                                                                          **WENDY BEETLESTONE, J.**